IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-00026-03/05-CR-W-FJG |
| TROY R. SOLOMON, ) CHRISTOPHER L. ELDER, and ) DELMON L. JOHNSON, ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Defendants Troy R. Solomon and Delmon L. Johnson's Joint Objection to, Appeal from, and Request for Reconsideration of the Magistrate Judge's Order (Doc. No. 246) Disqualifying Counsel (Doc. No. 251, filed on July 23, 2009).

On July 13, 2009, Magistrate Judge Sarah W. Hays entered an Order regarding the joint representation of defendants Solomon and Johnson by attorney Anthony Bannwart. Notably, defendant Solomon is also represented by two other attorneys, while defendant Johnson has no other counsel. Judge Hays found that attorney Bannwart should be disqualified from this joint representation, notwithstanding defendants Solomon and Johnson's signed waivers of their right to separate counsel. Judge Hays noted that the government has made a plea offer to defendant Johnson, but not to defendant Solomon. That plea offer requires Johnson's cooperation in providing information concerning his knowledge of the offenses charged in the indictment. The government also asserted at a June 30, 2009, hearing before Judge Hays that the two defendants are in very different situations, representing that defendant Solomon has a major role in the conspiracy while

defendant Johnson was not the major planner and organizer. See Tr. of June 30, 2009 hearing at 75-76. Judge Hays found that, in this matter, an actual conflict has arisen which would prevent Mr. Bannwart from jointly representing both defendants, as Mr. Bannwart "is not in a position to give defendant Johnson independent advice about the plea offer or to negotiate further on his behalf since to do so would likely require defendant Johnson to implicate or provide information as to defendant Solomon." See Doc. No. 246, at 6-7. Judge Hays further noted that, "Mr. Bannwart's suggestion that Mr. Lewis can advise defendant Solomon if Mr. Bannwart is providing proper advice highlights the problem facing defendant Johnson who has no other counsel with whom to consult." See id. at 7. Judge Hays further notes the problems presented by the defendants' allegedly different roles in the alleged conspiracies, and how the attorney conflict could cause significant problems during jury selection, examination and cross-examination of witnesses at trial and at sentencing, if both defendants were convicted.

Defendants Solomon and Johnson appeal Judge Hays' Order.[1] See Doc. No. 251. Johnson and Solomon argue that at the hearings on this matter, they were not questioned about the joint representation undertaken by Mr. Bannwart, and Judge Hays did not undertake a private inquiry in chambers, on the record but outside the presence of the prosecution, as to whether defendants Solomon and Johnson waived the conflict of interest. Defendants Solomon and Johnson request that this Court set aside Judge Hays' Order (Doc. No. 246), and reconsider the matter directly, or in the alternative, defendants

---

[1] Notably, this joint appeal was filed by attorney Bannwart. As noted by the government (Doc. No. 253, at p. 6, n. 1), the bringing of this appeal itself may present a conflict issue.

2

Solomon and Johnson request this Court conduct a hearing consistent with Rule 44(c)(2) of the Federal Rules of Criminal Procedure.

In response, the government notes that defendants' argument regarding a Rule 44(c)(2) hearing ignores the fundamental point of Judge Hays' Order, that the conflict created was so fundamental as to no longer be subject to waiver, and thus a Rule 44(c)(2) hearing would serve no purpose.

Under Local Rule 74.1(a)(1), a party may appeal from a magistrate judge's order on a non-dispositive matter, and "[a] judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this Rule." See also 28 U.S.C. § 636(b)(1)(A).

After considering Judge Hays' Order (Doc. No. 246), the parties' briefs on appeal (Doc. Nos. 251 and 253), the record in this matter, and the law regarding attorney disqualification, the Court concludes that the Order entered by Judge Hays is not clearly erroneous or contrary to law. The hearing requested by defendants is unnecessary, as the conflict of interest described in Doc. No. 246 is non-waivable. Therefore, Defendants Troy R. Solomon and Delmon L. Johnson's Joint Objection to, Appeal from, and Request for Reconsideration of the Magistrate Judge's Order (Doc. No. 246) Disqualifying Counsel (Doc. No. 251) will be **DENIED.**

IT IS SO ORDERED.

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: 08/25/09
Kansas City, Missouri