**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-00026-03/05-CR-W-FJG |
| ) | |
| TROY R. SOLOMON, ) | |
| CHRISTOPHER L. ELDER, and ) | |
| DELMON L. JOHNSON, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Pending before the Court are (1) Defendant Elder's Motion in Limine to Preclude Testimony of a Government Handwriting Expert and Request for a Pretrial Hearing to Resolve Admissibility Issues with Suggestions in Support (Doc. No. 50); (2) Defendant Elder's Motion in Limine for an Order directing the United States not to allude to, discuss, or offer into evidence in the presence of the jury any written plea agreement entered into between a potential government witness and the United States government or any state prior to obtaining a ruling from the Court as to whether the entire plea agreement, none of it, or only relevant non-prejudicial portions contained therein is admissible (Doc. No. 102); (3) Defendant Elder's Motion in Limine for an order prohibiting the government from mentioning in opening statement or during the trial that DEA Agent Watterson queried the internet and used a system called "Autotrack XP" to determine if names appearing on prescriptions were real existing persons with suggestions in support (Doc. No. 105); (4) defendant Elder's Motion in limine for an order prohibiting the government from mentioning during opening statement or during the trial the alleged existence and content of three or four telephone conversations between defendant Rostie and defendant Elder with suggestions in support (Doc. No. 107); (5) Defendant Delmon Johnson's Objection to

Notice of Prior Conviction and Notice of the Government's Intent to Use for Impeachment (Doc. No. 236); (6) Defendant Troy Solomon's Motion to Adopt Defendant Elder's Proposed Voir Dire Questions (Doc. No. 237); and (7) Defendant Troy Solomon's Motion to Adopt Defendant Elder's Request for a Daubert hearing on the issue of the qualifications of Houston Police Officer John Kowal (Doc. No. 238).  Each will be considered, below.

1. **Defendant Elder's Motion in Limine to Preclude Testimony of a Government Handwriting Expert and Request for a Pretrial Hearing to Resolve Admissibility Issues with Suggestions in Support (Doc. No. 50)**

On May 18, 2008, defendant Elder filed a motion in limine as to the government's handwriting expert, arguing that the testimony of the government's expert that the documents (signatures on prescription pads) were "probably written" by defendant Elder is too speculative to pass Daubert muster.

In the government's response, they note that their current expert, Donald Lock, has been employed in the area of forensic document examination for over 30 years.  The Eighth Circuit has already approved the use of Mr. Lock as a qualified forensic document examiner, see United States v. Jolivet, 224 F.3d 902, 906 (8th Cir. 2000).  The government also indicates that the testimony is reliable under the Daubert factors (testing, peer review, rates of error, existence of standards and controls, general acceptance in the relevant field).  See also Jolivet, 224 F.3d at 905-06.  Further, the government indicates the testimony is relevant in this matter because the indictment charges that Dr. Elder wrote unlawful and invalid prescriptions for thousands of dosage unites of controlled substances, and Mr. Lock will be able to testify as to whether Dr. Elder was the author of these prescriptions.  The government indicates that defendant Elder will be able to challenge the testimony of Mr. Lock through cross examination (i.e., the criticisms go to the weight, not the admissibility, of the evidence).

Defendant Elder replies that he does not concede that Mr. Lock is qualified in "comparing non-original faxed questioned documents to similar original documents."  Doc.

No. 106, p. 2.  Elder notes that, from all indications, the questioned documents that Lock looked at were photocopies of faxed documents.

**Ruling: Overruled.  Defendant's objections go to the weight, not admissibility, of the evidence.**

**2.    Defendant Elder's Motion in Limine for an Order Directing the United States not to allude to, discuss, or offer into evidence in the presence of the jury any written plea agreement entered into between a potential government witness and the United States government or any state prior to obtaining a ruling from the Court as to whether the entire plea agreement, none of it, or only relevant non-prejudicial portions contained therein is admissible (Doc. No. 102)**

Defendant Elder, in particular, objects to the admission of the written plea agreements as evidence in the case, in that they contain a lengthy recitation of facts (the "factual basis for guilty plea"), drafted by the government, which amounts to nothing more than a written version of that person's anticipated testimony which the government wants to emphasize with the jury.  Defendant states the court should make a Rule 403 balancing test prior to allowing the government to even make reference to any such agreements and their content, much less offer them into evidence.  Elder requests that the Court make a specific ruling out of the presence of the jury as to whether the agreement is admissible in whole, in part, or not at all prior to the government mentioning, discussing, or alluding to the plea agreements.

In response, the government notes that the existence of a plea agreement is relevant in assessing a witness's credibility, and also notes that it is not an abuse of discretion to admit a witness-coconspirator's written plea agreement into evidence where jurors are instructed that such evidence is not to be considered as substantive evidence of guilt, but rather is to be used only to evaluate the credibility of the testifying cooperator.  United States v. Espino, 317 F.3d 788, 794 (8th Cir. 2003).

**Ruling: Sustained. The factual basis for the guilty plea is excluded. The only evidence allowed will be that the particular defendant entered into a guilty plea.**

3. **Defendant Elder's Motion in Limine for an order prohibiting the Government from mentioning in opening statement or during the trial that DEA Agent Watterson queried the internet and used a system called "Autotrack XP" to determine if names appearing on prescriptions were real existing persons with suggestions in support (Doc. No. 105)**

Defendant objects to the evidence mentioned above in that the underlying data is unreliable hearsay, and any testimony by Watterson would be hearsay upon hearsay. The government indicated during the pretrial conference on June 4, 2010, that it has no opposition to the pending motion, and that it does not intend to offer such evidence at trial.

**Ruling: Sustained.**

4. **Defendant Elder's Motion in limine for an order prohibiting the government from mentioning during opening statement or during the trial the alleged existence and content of three or four telephone conversations between defendant Rostie and defendant Elder with suggestions in support (Doc. No. 107)**

Elder indicates that discovery in this matter suggests that the government may attempt to claim at trial that defendant Rostie spoke with defendants Elder and Solomon in a three-way telephone conversation on one occasion, and that the government may also attempt to offer evidence that Rostie spoke with Elder on perhaps two or three other occasions by telephone. Elder's counsel indicates that he has gone through telephone records provided in discovery, and has found no long distance calls between any phone numbers belonging to defendant Elder and any related number in Missouri. He further indicates that no discovery has indicated that Elder ever met defendant Rostie face-to-face, and thus there is no indication that she actually knew who she was speaking with on the other end of the telephone call. Defendant Elder thus argues that the government will not

be able to lay an adequate foundation under FRE 901 to justify the admission of this evidence.

At the pretrial conference on June 4, 2010, the government indicated that it would be filing no opposition to this motion, and that it would not be offering evidence that Elder was on the other end of the telephone conversations.

**Ruling: Sustained.**


5.  **Defendant Delmon Johnson's Objection to Notice of Prior Conviction and Notice of the Government's Intent to Use for Impeachment (Doc. No. 236)**

On June 17, 2009, the government filed a notice of prior conviction for defendant Delmon L. Johnson, indicating that he was convicted of Theft of Mail by a Postal Employee on August 14, 1998, in the United States District Court, Northern District of Texas, Case No. 3:98-CV-109D (01). The government indicates that if Delmon Johnson testifies at trial, it will use the prior conviction for impeachment purposes.

Defendant Johnson objects to the government's notice, indicating that Defendant Johnson was not incarcerated for this offense, and more than ten years has elapsed since that conviction. Pursuant to FRE 609(b), evidence of conviction of a crime is not admissible if a period of more than ten (10) years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the Court determines, "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Rule 609(b) "establishes what is in effect a rebuttable presumption against the admissibility of prior convictions more than ten years old." United States v. Felix, 867 F.2d 1068, 1073 (8th Cir. 1989); United States v. Reeves, 730 F.2d 1189, 1196 (8th Cir. 1984); United States v. Singer, 660 F.2d 1295, 1300 (8th Cir. 1981).

**Ruling: Sustained.**

**6.    Defendant Troy Solomon's Motion to Adopt Defendant Elder's Proposed Voir Dire Questions (Doc. No. 237)**

Defendant Solomon requests that the Court allow him to adopt Defendant Elder's proposed voir dire questions.

**Ruling: Sustained, subject to the Court's ruling on any objections to defendant Elder's proposed voir dire questions.**

**7.    Defendant Troy Solomon's Motion to Adopt Defendant Elder's Request for a <u>Daubert</u> hearing on the issue of the qualifications of Houston Police Officer John Kowal (Doc. No. 238)**

As the <u>Daubert</u> hearing on this issue was held on June 4, 2010, this motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

<u>/s/Fernando J. Gaitan, Jr.</u>
Chief United States District Judge

Dated:   06/14/10
Kansas City, Missouri