# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　)<br>TROY R. SOLOMON, 　　　　 )<br>CHRISTOPHER L. ELDER, and )<br>DELMON L. JOHNSON, 　　　 )<br>　　　　　Defendants. )  | Case No. 08-00026-03/05-CR-W-FJG |

## ORDER

Pending before the Court are (1) Government's Motion in Limine to Admit Documents Pursuant to Business Record Certifications (Doc. No. 319); and (2) Defendant Elder's Motion in Limine on the Issue of Whether Records Seized from the Belton Medicine [Shoppe] Pharmacy are Reliable Business Records (Doc. No. 325). Both will be considered, below.

**I.　Government's Motion in Limine to Admit Documents Pursuant to Business Record Certifications (Doc. No. 319)**

The government seeks to introduce various bank records, Federal Express shipping records, and pharmacy prescription records from Walgreens and C&G Pharmacy pursuant to the affidavits of their records custodians, as opposed to using live testimony of the records custodians. None of the defendants have filed opposition to this pending motion.

**Ruling: Sustained.**

**II.　Defendant Elder's Motion in Limine on the Issue of Whether Records Seized from the Belton Medicine [Shoppe] Pharmacy are Reliable Business Records (Doc. No. 325).**

In this motion, defendant Elder indicates he "has no quarrel with the government over chain of custody issues and will stipulate that the items in court are indeed the items

seized on May 6, 2006." However, he indicates that "if these faxed records are admissible at all against Elder, it is only after the government is able to establish some conspiratorial nexus to him and demonstrate he actually had knowledge of them and was a participant in their faxed transmission from others in Houston and they constitute co-conspirator hearsay evidence." Defendant Elder also indicates that co-defendant Rostie never intended for these records to be "true genuine business records as envisioned by the Federal Rules of Evidence." Defendant Elder also notes that FRE 1002 expresses the law's preference for using the original of a document to provide the content of the document, and that a large number of the prescriptions are facsimiles where the original has never been found.

In response, the government notes: (1) this evidence is admissible as real evidence, as law enforcement seized this evidence on May 10, 2006 and preserved it; (2) the evidence is admissible as business records, too, as these are records received, maintained, or created by The Medicine Shoppe, and are admissible if the government can establish the foundation for them under Rule 803(6). The government further indicates that there are <u>hundreds</u> of original prescriptions with Elder's signatures within The Medicine Shoppe's files, and further notes that facsimiles can be admissible under 803(6).

**Ruling: Defendant Elder's motion is DENIED WITHOUT PREJUDICE to reassertion at trial; the government will be allowed to attempt to lay a foundation for the admission of these documents.**

    **IT IS SO ORDERED.**

<u>/s/Fernando J. Gaitan, Jr.</u>
Chief United States District Judge

Dated:   06/18/10
Kansas City, Missouri

2